**John C. SCHNEIDER, Plaintiff—Appellant,**

v.

**Joel R. STROTE; Joel R. Strote Professional Corporation, Defendants—Appellees.**

No. 01–17284.

D.C. No. CV–98–00805–BMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 15, 2002.

Before SCHROEDER, Chief Judge, ALARCON and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Schneider raises two issues on appeal in seeking a new trial: first, that the district court improperly allowed the defendant to violate the district court's *in limine* order regarding defense expert Feldman, and second, that the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court gave a misleading and confusing jury instruction on causation over Schneider's objection. To succeed on either ground of appeal, Schneider must show prejudice. In the malpractice context, this means Schneider must establish that, but for the court's alleged errors, Schneider would have prevailed on the merits of his underlying wrongful termination suit. We ultimately reject both grounds of appeal because Schneider has failed to show such prejudice. Nevertheless, we briefly address the merits of his grounds of appeal.

■ *Violations of the district court's* in limine *order:* Schneider argues that Strote violated the court's *in limine* order when he failed to remedy technical deficiencies in Feldman's Rule 26 expert report until the eve of Schneider's cross-examination of Feldman, and when he elicited testimony from Feldman outside the scope of the expert report. The district court acted within its discretion in refusing to strike Feldman's testimony despite these alleged violations. In light of Strote's delayed Rule 26 disclosures, the district court gave Schneider a three-day weekend to further prepare for his cross-examination of Feldman. In addition, the court reasonably concluded that there was a sufficient nexus between Feldman's trial testimony and the opinions expressed in his expert report.

Although the district court did not abuse its discretion, we are troubled by the court's suggestion that Schneider's failure to depose Feldman justified denying Schneider's motion to strike and motion for a new trial. The district court noted that Schneider's "failure to take Feldman's deposition created numerous complications, chief among them that absent a deposition, the scope of Feldman's opinions was neither developed nor narrowed for trial." The advisory committee comments to Rule 26 make it clear, however, that the Rule's reporting requirements, coupled with the enforcement provisions of Rule 37(c)(1), were designed in part to make it *unnecessary to depose experts at all.* Fed. R.Civ.P. 26(2)(B) advisory committee comment (1993) ("[I]n many cases the [Rule 26 expert] report may eliminate the need for a deposition."). Schneider should not be faulted for having relied on Rule 26(a)(2)(B) and the court's own July order restricting the scope of Feldman's testimony.

*Jury instruction:* Schneider argues that Jury Instruction No. 26 misled the jury by essentially telling them not to consider the principal malpractice issue in the case: whether Strote's handling of the opposition to Kajima's motion for summary judgment fell below the standard of care. The jury instruction is confusing and possibly misleading, but Schneider did not properly object to it at trial.

■ Under Federal Rule of Civil Procedure 51, "[n]o party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." The objection " 'must be sufficiently specific to bring into focus the precise nature of the alleged error.' " *Voorhies–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713 (9th Cir.2001) (quoting *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645 (1943)). At trial, Schneider's counsel appeared certain he would win the case and was worried only that the error in Jury Instruction No. 26 might lead to reversal of a judgment in Schneider's favor because the instruction did not require the jury to specify which instances of negligence actually caused Schneider to lose the underlying case. Schneider did not argue below, as he does now on appeal, that the instruction might lead the jury to ignore Strote's alleged negligence in opposing Kajima's

summary judgment motion. Thus, Schneider has waived this ground of appeal.

*Prejudice:* Even if Schneider could establish that the trial court abused its discretion, he cannot prevail because he has not established prejudice. To succeed in his legal malpractice action under California law, Schneider had to prove that he would have won his wrongful termination suit if it had survived summary judgment and gone to trial. *Galanek v. Wismar,* 68 Cal.App.4th 1417, 81 Cal.Rptr.2d 236, 241 (Cal.Ct.App.1999). This in turn required Schneider to try the wrongful termination action against Kajima within the malpractice trial. *Id.* ("Proof that the client would have prevailed on the underlying action generally requires trial of a 'suit within a suit,' i.e., a determination of the merits of the underlying action in the malpractice trial.").

Accordingly, to prove that the district court's alleged errors prejudiced the outcome, Schneider has to show that, based on the evidence proffered at trial, it is more likely than not that the jury would have found in his favor on his wrongful termination claim. Schneider does not provide any argument in his brief supporting the contention that the jury would have found in his favor, nor does he point to any portions of the record that would support such a contention. Most importantly, the limited transcripts of the jury trial ordered by the district court at Schneider's request do not contain the testimony relevant to determining whether Schneider's wrongful termination claim was meritorious. Consequently, we cannot determine whether the jury would have ruled in Schneider's favor but for the court's alleged errors. In light of the inadequate record provided to this court, we can only conclude that Schneider has failed to establish prejudice.

AFFIRMED.